UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANA M. CRISAN,<br><br>    Defendant.<br>_____ | NO. **2:12-CR-00115-LRS-1**<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

**BEFORE THE COURT** is Defendant's Motion For Early Termination Of Supervised Release (ECF No. 41). This motion is heard without oral argument.

On October 19, 2012, Defendant was sentenced to a total of 48 months imprisonment on eleven counts of bank fraud, 18 U.S.C. § 1344, one count of possession of device-making equipment, 18 U.S.C. § 1029(a)(4), and one count of aggravated identity theft, 18 U.S.C. § 1028A(a). Defendant was ordered to pay restitution in the sum of $125,241.92. Defendant was sentenced to five years of supervised release. Defendant's term of supervised release began on June 12, 2015, and is scheduled to expire in June 2020.

The court may, after consideration of the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release "if it is satisfied such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

**ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE- 1**

Defendant was convicted of serious fraud offenses involving a fair amount of sophistication. Each of the bank fraud convictions carried a thirty year statutory maximum sentence, the possession of device-making equipment carried a fifteen year statutory maximum sentence, and the identity theft conviction carried a mandatory consecutive 24 months term of imprisonment. Defendant installed "pin-hole" cameras on Automated Teller Machines (ATMs) in order to record the Personal Identification Numbers (PINs) of customers using the ATMs and she also installed "skimming devices" on the ATMs in order to obtain account information of customers using the ATMs. Defendant fraudulently obtained the financial information of approximately 237 persons in order to steal or attempt to steal money from their financial accounts and caused a total loss of approximately $125,000 to JP Morgan Chase Bank and First Tech Credit Union.

Based on a Criminal History Category of II, Defendant's guidelines range was calculated at 30 to 37 months. Notwithstanding a government recommendation to impose no less than a 54 months sentence (30 months at the low-end of the range on each of the bank fraud counts and the possession count to run concurrently, plus the mandatory consecutive term of 24 months on the identity theft count), this court granted a variance and imposed 48 months of imprisonment (24 months on each of the bank fraud counts and the possession count to run concurrently, plus the mandatory consecutive term of 24 months on the identity theft count).

In light of the foregoing, it should be apparent the five year term of supervised release imposed took on added significance to reflect the seriousness of the offenses of which Defendant was convicted, to promote respect for the law, to provide just punishment for the offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(2)(A), (B) and (C).

**ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE- 2**

Defendant's request to terminate her supervised release is opposed not only by counsel for the Government, but also by her supervising probation officer. Defendant still owes nearly $124,000 on her restitution obligation and in October 2017, she was the subject of a "no action" petition pursuant to which she was reprimanded by her probation officer for opening a credit card account in violation of one of the conditions of her supervised release. This violation is significant considering the nature of the crimes of which Defendant was convicted.

The "interest of justice" does not warrant early termination of supervised release. Continued supervised release for another year and a half is not unduly burdensome to Defendant. Any burden is outweighed by the need to keep the Defendant on supervision to better insure she continues to make efforts to pay her restitution obligation and avoids the type of conduct which led to her conviction. Requiring Defendant to serve the full term of supervised release is not intended to be punitive. It is intended to rehabilitate the Defendant as much as possible and to compensate the victims of her crimes.

Defendant's Motion For Early Termination Of Supervised Release (ECF No. 41) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel of record and to the U.S. Probation Office.

**DATED** this ___19th___ day of December, 2018.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Senior United States District Judge

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE- 3**